In the Matter of the Probate of the Will of ALFRED A. SUAREZ, Deceased. GERALDINE I. SUAREZ, Respondent; ARMANDO L. SELGAS, Appellant, et al., Contestants.

*Per Curiam.* The contestant appeals from a decree of the Surrogate admitting a lost will to probate. The original testament was executed on September 20, 1946, in the Waldorf Astoria Hotel.

The proponent is the widow of the decedent, from whom she was estranged. The record indicates that decedent lived in the Vanderbilt Hotel apart from his wife from May 11, 1949, until the date of his death on April 19, 1950.

The decedent's widow filed a petition in May, 1950, for probate of a lost will based on allegations that the original will had been placed in her possession and custody on behalf of the decedent and had been lost. The amended petition in July, 1951, by the same proponent, however, gives a different account and alleges that the will was never in the possession of the decedent or the petitioner, but was continuously in the possession of the decedent's attorney since the date of execution and until the same was misplaced and lost.

The draftsman and the proponent testified that the will was left with the attorney-draftsman at the time of execution. The attorney testified that he placed the original and a conformed copy of the will, with other papers, in his unlocked filing cabinet in his private office in a suite shared with five other lawyers, and that he last saw the original will in that file in January, 1950.

According to the attorney who drew the will, the widow called upon him about a day after the decedent's death. This attorney advised the widow that he would not represent her in any probate proceedings, but mentioned that there were other lawyers on the floor who might. He did not say that he looked for the will on that occasion. A few days later the attorney received a message through the office stenographer that one of the lawyers in the suite asked for a copy of the decedent's will. He states that he took the copy from his file and left it with the stenographer. Neither the stenographer nor the lawyer requesting a copy of the will testified in these proceedings, and there appears to be a gap in the proof at this point as to whether the original will was in the file when the copy was extracted or whether the attorney looked for the same. There is no explanation as to why a copy was delivered for probate without looking for the original, nor as to why some message was not given concerning the original or its whereabouts, if in fact it was in the file of the attorney at the time. The attorney also testified that no one was authorized to surrender the will to anyone at any time.

The burden of proof was upon proponent to establish that the instrument in question was in existence at the time of the death of the decedent or that the original will had been fraudulently destroyed during his lifetime (*Matter of Kennedy,* 167 N. Y. 163, 168, 175; Surrogate's Ct. Act, § 143). There was no proof whatever that the original will had been fraudulently destroyed and, accordingly, the burden was on the proponent to establish that the will was in existence at the time of the testator's death.

On the state of the record we consider that the proof was somewhat doubtful with respect to existence of the will at time of death. We think that a new trial should be ordered in the interests of justice for the purpose of taking further proof concerning unexplained matters.

The decree appealed from should be reversed, with costs payable out of the estate, and a new trial ordered.

Peck, P. J., Dore, Callahan, Van Voorhis and Bergan, JJ., concur.

Decree unanimously reversed and a new trial ordered, with costs to the appellant payable out of the estate. The appeal from the order is deemed abandoned. [See *post,* p. 1019.]